**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CEECOLOR INDUSTRIES LLC | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Case No. _____ |
| | : |
| IRISGUARD CORP. | : **JURY TRIAL DEMANDED** |
| | : |
| Defendant. | : |
| | : |

**COMPLAINT**

Plaintiff CeeColor Industries LLC ("Plaintiff"), for its Complaint against Defendant Irisguard Corp. ("Defendant"), hereby alleges as follows:

**PARTIES**

1. Plaintiff is a Delaware limited liability company.

2. Upon information and belief, Defendant is a Delaware corporation having a principal place of business at 8180 Greensboro Drive, Suite 1050, McLean, Virginia 22102. Upon information and belief, Defendant may be served with process through its registered agent, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**NATURE OF THE ACTION**

3. This is a civil action for the infringement of United States Patent No. 6,002,427 (the "'427 Patent") and United States Patent No. 6,570,610 (the "'610 Patent") (collectively, the "Patents-In-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*

5. This Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

6. Upon information and belief, more specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States and the State of Delaware. Upon information and belief, Defendant has committed patent infringement in the State of Delaware. Defendant solicits customers in the State of Delaware. Defendant has many paying customers who are residents of the State of Delaware and who each use Defendant's products and services in the State of Delaware.

7. Venue is proper in this judicial district as to Defendant pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN SUIT

8. Paragraphs 1-7 are incorporated by reference as if fully set forth herein.

9. On December 14, 1999, the '427 Patent entitled "Security System With Proximity Sensing For An Electronic Device" was duly and lawfully issued by the United States Patent and Trademark Office ("PTO"). The '427 Patent is attached hereto as Exhibit A.

10. On May 27, 2003, the '610 Patent entitled "Security System With Proximity Sensing For An Electronic Device" was duly and lawfully issued by the United States Patent and Trademark Office ("PTO").  The '610 Patent is attached hereto as Exhibit B.

11. Plaintiff is the exclusive licensee of the Patents-In-Suit and possesses all rights of recovery under the Patents-In-Suit, including the right to sue and recover all damages for infringement thereof, including past infringement.

## COUNT I – PATENT INFRINGEMENT

12. Paragraphs 1-11 are incorporated by reference as if fully restated herein.

13. Upon information and belief and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least Claim 24 of the '427 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a proximity sensing system that senses activity in the vicinity of a computerized device.

14. More specifically, and by way of non-limiting example, Defendant offers for sale via the www.irisguard.com website at least Defendant's iBank Suite incorporating its IG-AD100 Iris Camera System ("iBank") that use iris and/or facial recognition sensors to sense activity in the vicinity of a wide variety of computerized devices, e.g., automatic teller machines, retail point-of-sale kiosks, etc. For the purposes of claim 24 of the '427 Patent, iBank is a proximity sensing system.  iBank uses an activity detector (e.g., a iris detector) to sense activity in the vicinity of the computerized device (e.g., when a user is proximate) and generates an activity signal indicative of such activity.  iBank stores information indicative of such activity in a log

file (e.g., a database file).  Further, iBank stores information indicative of inputs entered into the computerized device in a log file to, for example, guarantee non-repudiation of transactions.

15. Upon information and belief and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least Claim 1 of the '610 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, a security system for an electronic device.

16. More specifically, and by way of non-limiting example, Defendant offers for sale via the www.irisguard.com website iBank which secures a wide variety of electronic computing devices.  For purposes of Claim 1 of the '610 Patent, iBank is a security system securing automatic teller machines, retail point-of-sale kiosks, etc. to provide secure authentication and prevent identity fraud.  iBank uses a biometric sensing means (e.g., an iris and/or facial image sensor) to sense when a user is proximate to the device. Further, iBank at least partially disables the device by locking the AMT, kiosk, etc., when the Iris Camera System senses that the user is no longer proximate.  iBank includes a verifier that accepts input about the user (e.g., inputs via the Iris Camera System) proximate to the device and determines if the user is authorized to use the device. If the verifier determines that the user is authorized, iBank unlocks the device to restore full use for the user to, for example, conduct a financial transaction at the ATM and/or kiosk.

17. To the extent such notice may be required, Defendant received actual notice of its infringement of the Patents-In-Suit at least as early as the filing of the complaint in this action, pursuant to 35 U.S.C. § 287(a).

18. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

19. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20. Defendant's infringement of Plaintiff's exclusive rights under the Patents-In-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CeeColor Industries LLC respectfully requests that this Court enter judgment against Defendant Irisguard Corp. as follows:

A. An adjudication that Defendant has infringed the Patents-In-Suit;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiff for Defendant's infringement, and an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285;

D. An award to Plaintiff of its attorney fees, costs, and expenses incurred in prosecuting this action; and

E.     An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Dated:  April 19, 2012                    STAMOULIS & WEINBLATT LLC

/s/ Stamatios Stamoulis
Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone:  (302) 999-1540

*Counsel for Plaintiff*
*CeeColor Industries LLC*